STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. RE-11-579
*TDW-CUM- 4/1/2013*

MIDFIRST BANK,
                        Plaintiff

                v.

JOHN A. RICH et al,
                        Defendants



ORDER
STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 01 2013

RECEIVED

Before the court is plaintiff MidFirst Bank's motion for summary judgment in action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. Defendants John and Stella Rich have not appeared in this action, and no opposition to MidFirst Bank's motion has been filed.

MidFirst Bank's motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P. 56(j) advisory committee's note to 2009 amendment.[2] The court

---

[1] M.R. Civ. P. 56(j) states, in part:
> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The advisory committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service

must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

Having reviewed the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met for the following reasons:

MidFirst Bank failed to "certify proof of ownership of the mortgage note . . . ." 14 M.R.S. § 6321; *see Bank of America, N.A. v. Cloutier*, 2013 ME 17, ¶ 16. While the statement of material facts asserts, "Plaintiff is the holder of the subject note and mortgage and thus entitled to enforcement of the terms and provisions thereof . . . ," the statement of material facts fails to state who owns the note. (Pl.'s S.M.F. ¶ 7.) The Law Court has held that a plaintiff is required "to identify the owner or economic beneficiary of the note and, if the plaintiff is not the owner, to indicate the basis for the plaintiff's authority to enforce the note pursuant to Article 3-A of the UCC." *Cloutier*, 2013 ME 17, ¶ 16.

Moreover, MidFirst Bank has not demonstrated compliance with 14 M.R.S. § 6111(3), as it has not submitted proof of mailing. The statement of material facts states that notice was sent "via U.S. Mail, first-class, postage prepaid . . . ," but MidFirst Bank has not presented a certificate of mailing or other evidence to support this assertion. (Pl.'s S.M.F. ¶ 8; Haddad Ex. F.) *See* § 6111(3).

The court also notes that the Bank's statement as to the amount due appears to be out of date as it is based on figures as of August 13, 2011 although

requirements of law have been complied with and any available mediation has been completed or has been waived.
M.R. Civ. P. 56(j) advisory committee note.

the motion for summary judgment was filed on December 14, 2012. In addition, the payment history attached to the Haddad Affidavit fails to support all of the amounts listed. (Haddad Ex. E; Haddad Aff. ¶ 6.) It is unclear from the payment records presented how Haddad determined all of the charges listed in the Affidavit. (*Id.*)[3]

The court notes that MidFirst Bank has also filed a motion in limine. While it is premature to consider that motion in advance of trial – and major aspects of that motion may never need to be considered if defendants do not appear at trial – some of the relief sought in that motion appears to be inconsistent with what the court understands to be its obligation to ensure at trial that MidFirst has established all the requisites for a judgment of foreclosure through admissible evidence.

The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: April 1, 2013

Thomas D. Warren
Justice, Superior Court

---

[3] In addition, in its draft judgment MidFirst Bank listed only the attorneys' addresses and failed to include its own address and the parties-in-interest's addresses as required by 14 M.R.S. § 2401(3)(A).

3

MIDFIRST BANK VS JOHN C RICH ET AL
UTN:AOCSsr  -2011-0119585                    CASE #:PORSC-RE-2011-00579
------------------------------------------------------------------------

01 0000008962          CRESWELL, RANDY J
_____
   ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426
_____
   F     FARM CREDIT OF MAINE ACA                PII       RTND    12/27/2011


02 0000004336          STEARNS, DAVID E
_____
   7 OCEAN ST PO BOX 2412 SOUTH PORTLAND ME 04116-2412
_____
   F     MIDFIRST BANK                           PL        RTND    12/05/2011


03 0000001475          DELAHANTY, THOMAS E
_____
   100 MIDDLE STREET, 6TH FLOOR PORTLAND ME 04101
_____
   F     SECRETARY OF HOUSING AND URBAN DEVELOPME PII       RTND    01/03/2012